IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FARHA T.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 20 C 5638 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Farha T.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On August 26, 2017, Plaintiff filed a claim for DIB, alleging disability since April 2, 2014. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 31, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. Plaintiff amended her alleged onset date to June 6, 2016.

On August 7, 2019, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; status post left shoulder arthroscopy with subacromial decompression surgery; status post right shoulder arthroscopy with subacromial

decompression surgery; right knee patellofemoral syndrome; and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can frequently reach overhead and in all other directions bilaterally; can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; and can occasionally stoop, kneel, crouch, and crawl. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a fast-food cook, school cafeteria cook, or cashier. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

4

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful

5

appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ improperly assessed the opinions of an orthopedist that were rendered prior to the alleged onset date; and (2) the ALJ's finding that Plaintiff's statements are not entirely consistent with the medical evidence is premised upon flawed inferences and false equivalencies. Each argument will be addressed below in turn.

#### A. The ALJ's Evaluation of Dr. Nikhil Verma's Opinions

Plaintiff argues that the ALJ erred in his assessment of the opinions of Dr. Nikhil Verma, who performed an independent medical examination of Plaintiff in November 2012. With respect to Dr. Verma's independent examination, the ALJ

6

acknowledged Dr. Verma's notation that "the claimant's subjective reports regarding her knee pain were out of proportion to the diagnostic findings." (R. 22.) The ALJ further noted Dr. Verma's opinions "that the claimant had no restrictions with regard to her right knee but had a 15-pound lifting restriction and no repetitive or overhead lifting or work activity with regard to the claimant's left shoulder." (*Id.*) While noting that Dr. Verma's "opinion was given prior to the claimant's alleged onset date," the ALJ found "it to be persuasive, as it is consistent with, and supported by the overall evidence of record . . . including objective imaging study results, the claimant's physical examination findings, her conservative treatment history since having surgery and her daily activities." (*Id.*).

According to Plaintiff, "[t]he ALJ's deference to an opinion offered by an orthopedist [Dr. Verma] shortly after Plaintiff's 2012 accident, and years prior to the onset date, constitutes reversible error." (Pl.'s Memo. at 8.) Plaintiff's qualm is that Dr. Verma's opinion "pre-dates the onset [date] by almost four years (and several surgeries and considerable deterioration)." (*Id.*) However, in Social Security cases, "the ALJ should consider the record as a whole, including pre-onset evidence . . . and post-onset evidence." *Samuel v. Berryhill*, No. 17 C 4596, 2018 U.S. Dist. LEXIS 59654, at \*10 (N.D. Ill. Apr. 9, 2018) (citation omitted). With respect to the former, "[e]vidence that pre-dates [a claimant's] . . . alleged onset date . . . may be probative to the extent it sheds light on the nature and severity of his condition during the relevant period." *Jesus P. v. Saul*, No. 19 C 2271, 2020 U.S. Dist. LEXIS 105788, at \*14 (N.D. Ill. June 17, 2020) (citation omitted). Along those lines, a

7

"physician's opinion predating the onset of alleged disability may be relevant." *Samuel*, 2018 U.S. Dist. LEXIS 59654 at *10 (N.D. Ill. Apr. 9, 2018). Under this legal framework, the ALJ did not commit reversible error by assessing Dr. Verma's pre-onset opinions and finding them to be persuasive. Moreover, the Court agrees with Defendant that the ALJ did not suggest that Dr. Verma's opinions were the most important evidence, nor that they outweighed other treatment evidence in the record. The ALJ simply found Dr. Verma's independent examination to be persuasive, while acknowledging the date on which it was offered and substantial evidence that post-dated it. The ALJ did not err in doing so, and the Court ultimately rejects Plaintiff's first argument.

    **B.**    <u>**The ALJ's Assessment of Plaintiff's Subjective Symptoms**</u>

Plaintiff next contends that the ALJ's assessment of her alleged subjective symptoms was erroneous. Pertinent to Plaintiff's reported symptoms, in his decision, the ALJ reasoned as follows:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent with the objective evidence. The record does not support the sitting, standing, or reaching limitations alleged by the claimant. There is no indication in the record of the need to use of [sic] an assistive device. The claimant's MRI results do not show any spinal cord or nerve root impingement. There are no electromyogram/nerve conduction studies to support further reaching or manipulative limitations. Rather, it was noted that no electrodiagnostic studies were required. This suggests that the claimant's symptoms were not at a level of severity that further testing was needed. Though the claimant has been noted for some limited range of motion in her shoulders, she has full strength in her lower extremities. She is neurologically intact with symmetrical reflexes. Her treatment within the past few years has been conservative with no injections for pain. While the claimant reports sleep difficulties due to pain, she has not

8

> reported significant daytime sleepiness and her treatment providers and her current impairments do not indicate a need to take daily naps.

(R. 22 (citations omitted).)

The ALJ further reasoned as follows:

> Moreover, the claimant's reports of her daily activities are not limited to the extent one would expect given her allegations. For example, she indicated in a Function Report dated April 16, 2018 that she had no problem with personal care, prepared simple meals, did light dusting and laundry, put dishes in the dishwasher, shopped in stores and drove a car. Her son confirmed many of these activities in a Third Party Function Report. While the claimant reported a reduction in these activities at the hearing, she testified that she was still able to travel twice in the past 2 years, shop in stores with her son and periodically attend church. She also reported at a consultative examination in January 2018 that she drove occasionally, could do a few chores and could handle objects normally. These reports diminish the persuasiveness of the claimant's allegations regarding her limitations.

(*Id.* (citations omitted).)

This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). Under that standard, the Court finds that, per the ALJ's explanation and support outlined above, the ALJ reasonably determined that Plaintiff's subjective symptoms were not fully corroborated. *See Atkins v. Saul*, 814 F. App'x 150, 155 (7th Cir. 2020) ("Here, the ALJ otherwise explained his conclusion adequately. He explained that the objective medical evidence and Atkins's daily activities did not corroborate his subjective symptoms.") (citations and internal quotations omitted); *Prill v. Kijakazi*, No. 21-

9

1381, 2022 U.S. App. LEXIS 1072, at *23 (7th Cir. Jan. 13, 2022) ("Substantial evidence supports the ALJ's determination that Prill's account of her subjective symptoms was not consistent with her medical records."); *Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms."). Ultimately, Plaintiff has not shown that the ALJ's evaluation of her alleged symptoms was "patently wrong," as was Plaintiff's burden. *See Horr v. Berryhill*, 743 F. App'x 16, 19–20 (7th Cir. 2018). Accordingly, the Court finds Plaintiff's second argument unavailing.

10

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is granted.

**SO ORDERED.**　　　　　　　　　　　**ENTERED:**

**DATE:　　June 9, 2022**　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**HON. MARIA VALDEZ**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

11